**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRISTOL-MYERS SQUIBB COMPANY, and PFIZER INC.<br><br>Plaintiffs,<br><br>vs.<br><br>TORRENT PHARMACEUTICALS LTD.<br><br>Defendant. | ) | C.A. 17-381-LPS |

**TORRENT PHARMACEUTICALS LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Torrent Pharmaceuticals Ltd. ("Torrent" or "Defendant") for its Answer and Affirmative Defenses to the Complaint of Bristol-Myers Squibb Company and Pfizer Inc. (collectively, "Plaintiffs") state as follows:

All averments not expressly admitted are denied.

**NATURE OF THE ACTION**

1. The allegations in paragraph 1 are legal conclusions to which no answer is required. To the extent an answer is required, Torrent admits that Plaintiffs' Complaint purports to be a civil action alleging infringement pursuant to Title 35 of the United States Code in connection with Abbreviated New Drug Application ("ANDA") No. 210156 filed by Torrent with the U.S. Food and Drug Administration ("FDA"). Torrent denies all other allegations in paragraph 1.

2. Torrent admits that it submitted ANDA No. 210156 to FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg, and that ANDA No. 210156 contained certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for U.S. Patent Nos. 6,967,208 ("the '208 patent") and

9,326,945 (“the ’945 patent”). Torrent further admits that ANDA No. 210156 identifies ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg, as the Reference Listed Drug. Torrent denies all other allegations in paragraph 2.

**PARTIES**

3. Torrent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

4. Torrent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5. Torrent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

6. Admitted.

**JURISDICTION AND VENUE**

7. The allegations in paragraph 7 are legal conclusions to which no answer is required. To the extent an answer is required, Torrent admits that Plaintiffs’ Complaint purports to bring an action for patent infringement under the Patent Laws, 35 U.S.C. § 100 *et seq*. Torrent does not contest subject matter jurisdiction in this Court solely for purposes of Plaintiffs’ claims against Torrent in this case and solely as they apply to the proposed product described in ANDA No. 210156. Torrent denies that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the apixaban oral tablets, 2.5 mg and 5 mg, that are the subject of ANDA No. 210156 would directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’208 patent or the ’945 patent. Torrent denies all other allegations in paragraph 7.

8. The allegations in paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, Torrent does not contest personal jurisdiction or venue in this judicial district solely for purposes of Plaintiffs' claims against Torrent in this case and solely as they apply to the proposed product described in ANDA No. 210156. Torrent denies all other allegations in paragraph 8.

**PATENTS-IN-SUIT**

9. Torrent admits that the '208 patent is entitled "Lactam-Containing Compounds and Derivatives thereof as Factor Xa Inhibitors" on the face of the patent. Torrent further admits on information and belief that what purports to be a copy of the '208 patent is attached to the Complaint as Exhibit A. Torrent further admits that the '208 patent lists November 22, 2005 as the Date of Patent and Bristol-Myers Squibb Pharma Company as the Assignee. Torrent further admits on information and belief that FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") lists the expiration date of the '208 patent as February 3, 2023. The allegations in the third sentence are legal conclusions to which no answer is required. To the extent an answer is required, Torrent denies the allegations in the third sentence. The allegations in the fourth sentence are legal conclusions to which no answer is required. To the extent an answer is required, Torrent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence and therefore denies them. Torrent denies all other allegations in paragraph 9.

10. Torrent admits that the '945 patent is entitled "Apixaban Formulations" on the face of the patent. Torrent further admits on information and belief that what purports to be a copy of the '945 patent is attached to the Complaint as Exhibit B. Torrent further admits that the '945 patent lists May 3, 2016 as the Date of Patent and Bristol-Myers Squibb Company and

Pfizer Inc. as the Assignees. Torrent further admits on information and belief that FDA's Orange Book lists the expiration date of the '945 patent as February 24, 2031. The allegations in the third sentence are legal conclusions to which no answer is required. To the extent an answer is required, Torrent denies the allegations in the third sentence. The allegations in the fourth sentence are legal conclusions to which no answer is required. To the extent an answer is required, Torrent lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence and therefore denies them. Torrent denies all other allegations in paragraph 10.

11. Torrent admits that FDA's Orange Book lists Bristol Myers Squibb Co Pharmaceutical Research Institute as the Applicant Holder for NDA No. 202155, ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg. Torrent further admits that FDA's Orange Book lists the '208 and '945 patents in connection with NDA No. 202155. Torrent admits that the prescribing information for ELIQUIS® recites, in part:

> -------------------------**INDICATIONS AND USAGE**-------------------------
> ELIQUIS is a factor Xa inhibitor indicated:
> - to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. (1.1)
> - for the prophylaxis of deep vein thrombosis (DVT), which may lead to pulmonary embolism (PE), in patients who have undergone hip or knee replacement surgery. (1.2)
> - for the treatment of DVT and PE, and for the reduction in the risk of recurrent DVT and PE following initial therapy. (1.3, 1.4, 1.5)

Torrent lacks knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 11 and therefore denies them.

**INFRINGEMENT BY TORRENT**

12. Torrent admits that it sent a letter dated February 23, 2017 to Plaintiffs, and a letter dated March 6, 2017 to Plaintiffs, notifying Plaintiffs that Torrent submitted ANDA No. 210156 to FDA under 21 U.S.C. § 355(j) ("Torrent's March 6, 2017 letter"). Torrent further admits that Plaintiffs received Torrent's letter dated February 23, 2017 on or about February 24, 2017. Torrent further admits that Plaintiffs received Torrent's March 6, 2017 letter on or about March 7, 2017. Torrent denies all other allegations in paragraph 12.

13. Torrent admits that Torrent's March 6, 2017 letter states that Torrent submitted ANDA No. 210156 to FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg, and that ANDA No. 210156 contained certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '208 patent and the '945 patent. Torrent denies all other allegations in paragraph 13.

14. The allegations in paragraph 14 are legal conclusions to which no answer is required. To the extent an answer is required, Torrent admits submitted ANDA No. 210156 to FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg. Torrent further admits that ANDA No. 210156 identifies ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg, as the Reference Listed Drug and that ANDA No. 210156 contains information intended to establish bioequivalence with the Reference Listed Drug. Torrent denies all other allegations in paragraph 14.

15. Torrent admits it submitted ANDA No. 210156 to FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg. Torrent further admits that ANDA No. 210156 identifies ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg, as the Reference Listed Drug. Torrent further admits

that the product labeling for the proposed apixaban oral tablets, 2.5 mg and 5 mg, that are the subject of ANDA No. 210156 will comply with applicable law. Torrent denies all other allegations in paragraph 15.

16. Torrent admits that it submitted Torrent's March 6, 2017 letter, notifying Plaintiffs that ANDA No. 210156 had been submitted to FDA under 21 U.S.C. § 355(j), which included certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '208 patent and the '945 patent. Torrent further admits that Torrent's March 6, 2017 letter included a detailed statement of the factual and legal bases for its certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Torrent denies all other allegations in paragraph 16.

17. Torrent admits that Torrent's March 6, 2017 letter contained an offer of confidential access in compliance with 21 U.S.C. § 355(j)(5)(C)(i)(III), which required that the recipients accept the offer of confidential access before receiving a copy of ANDA No. 210156, consistent with the statute. The other allegations in paragraph 17 are legal conclusions to which no answer is required. To the extent an answer is required, Torrent denies all other allegations in paragraph 17.

18. The allegation in paragraph 18 is a legal conclusion to which no answer is required. To the extent that a response is required, Torrent admits that Plaintiffs commenced this action by filing their Complaint on April 5, 2017. Torrent denies all other allegations in paragraph 18.

**COUNT I**
**(INFRINGEMENT OF THE '208 PATENT)**

19. Torrent repeats and re-alleges its answers to each of the preceding paragraphs 1-18, as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

**COUNT II**
**(INFRINGEMENT OF THE ’945 PATENT)**

25. Torrent repeats and re-alleges its answers to each of the preceding paragraphs 1-24, as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**REQUEST FOR RELIEF**

Torrent specifically denies that Plaintiffs are entitled to the general or specific relief requested against Torrent, or to any relief whatsoever, and pray for judgment in favor of Torrent dismissing this action with prejudice, and awarding Torrent its reasonable attorneys’ fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, Torrent avers and asserts the following Affirmative Defenses to Plaintiffs’ Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Noninfringement of U.S. Patent No. 6,967,208)**

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed apixaban oral tablets, 2.5 mg and 5 mg, that are the subject of ANDA No. 210156 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’208 patent.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 6,967,208)**

Upon information and belief, the claims of the ’208 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Noninfringement of U.S. Patent No. 9,326,945)**

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed apixaban oral tablets, 2.5 mg and 5 mg, that are the subject of ANDA No. 210156 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’945 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 9,326,945)**

Upon information and belief, the claims of the ’945 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

## RESERVATION OF DEFENSES

Torrent hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

Dated: May 31, 2017

Respectfully submitted,

By: */s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)
David A. Bilson (No. 4986)
PHILLIPS GOLDMAN MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806-4204
Phone: (302) 655-4200
Fax: (302) 655-4210
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Of counsel*
Keith D. Parr
Michael J. Gaertner
David B. Abramowitz
Carolyn A. Blessing
Nina Vachhani
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Torrent Pharmaceuticals Ltd.*